# BURBIDGE | MITCHELL

TRIAL LAWYERS
PARKSIDE TOWER
215 SOUTH STATE STREET, SUITE 920
SALT LAKE CITY, UTAH 84111-2311

RICHARD D. BURBIDGE

TELEPHONE
(801) 355-6677
FACSIMILE NUMBER
(801) 355-2341

February 3, 2023

***VIA ECF***

Hon. Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street, Room 750
New York, NY 10007

Re:   *Kaiser Aluminum Warrick, LLC v. US Magnesium, LLC,* Case No. 1:22-cv-03105-JGK-KHP

Dear Judge Parker:

On behalf of Defendant US Magnesium, LLC ("US Mag"), we submit this response to Kaiser Aluminum, LLC's ("Kaiser") proposed motion to compel discovery of US Mag's financial information. The proposed motion is both improper and ill-founded.

By way of background, US Mag operates a magnesium refinery in Utah. Magnesium is essential for the manufacture of countless commercial and military products, from cell phones to defense aircraft. US Mag, the only manufacturer of primary magnesium in North America, is keenly aware of its importance to the nation's industrial and security interests. For that reason (among others), US Mag takes its operations very seriously. Before 2021, US Mag had never suffered any interruption in its supply of magnesium to customers.

It is no secret that, during the recent global pandemic, virtually every business sector experienced grave disruptions in labor availability and supply chains. The jury, accordingly, will be anything but shocked to hear that, in 2021, when certain of US Mag's vital manufacturing equipment suffered catastrophic and unprecedented damage, the parts and labor necessary to render efficient repairs were not readily available—leading to inevitable delays in bringing the equipment back online. Thereafter, these problems with upstream equipment led to debilitating complications with downstream equipment. US Mag was compelled to declare force majeure and, later, to temporarily cease all manufacturing in order to rebuild critical parts of its plant.

As a practical matter, US Mag's force majeure caused Kaiser little actual "damage," because Kaiser's costs of cover were, to a large extent, passed along to its customers in the form of commodity surcharges. What is more, the parties' agreement expressly limits any damages to the contract "purchase price." Nevertheless, Kaiser has taken a wildly opportunistic approach to this litigation; it seeks nearly $55 million in so-called "cover" damages, and an additional $24

Hon. Katharine H. Parker
February 3, 2023
Page 2

million in consequential damages—in violation of the Agreement's express prohibition of incidental and consequential damages.[1]

Carrying on with its gameplan, Kaiser has recently sought to implicate US Mag's parent company, the Renco Group ("Renco"). In an amended complaint filed last September, Kaiser came just short of naming Renco as a defendant, but alleged, vaguely and without any foundation, that US Mag was an "instrumentality" of Renco. Since then, Kaiser has hounded non-party Renco to produce documents in this case—and by Kaiser's own admission, the object of such efforts has been to discover "Renco's [purported] direct culpability in hindering US Mag's ability to perform its commitments to Kaiser." This is glaring evidence that Kaiser's real intent is to pursue an alter ego claim against Renco, and that Kaiser seeks pre-judgment discovery of assets available to satisfy a judgment. But in an incredible display of double-speak, when US Mag asked Kaiser to produce any evidence in support of its "instrumentality" allegations, Kaiser produced not a shred, while objecting to the request on grounds that such evidence was "irrelevant and not reasonably related to any party's claim or defense."

The Court need not look far for further evidence of Kaiser's real objectives. When Kaiser now moves to compel production of US Mag's financial records—which, as discussed below, could neither inculpate or exculpate US Mag in its force majeure defense—Kaiser reiterates that it ostensibly needs those financials in order to somehow pin blame on one of Renco's shareholders for "skimming" money. But Renco, to reiterate, is not a party to this suit. No Renco shareholder is a party to this suit. And the scandalous allegation that anyone is somehow skimming money from US Mag is utterly without foundation. In fact, US Mag's Director of Finance is prepared to submit a declaration that since 2016, Renco has not taken a dime from US Mag, but has supported the company to the extent of hundreds of millions of dollars.

For purposes of this motion, the fundamental point is that US Mag's financials—and, by extension, US Mag's financial relationship with Renco—are absolutely irrelevant.

As the Court is probably aware, it is widely recognized that a defendant's financial condition is not only irrelevant, but undiscoverable.[2] Aside from its spurious allegations about Renco, Kaiser's sole theory of relevance is that US Mag's financial condition may somehow show that US Mag had some financial motivation to breach the parties' agreement. But if this

---

[1] Kaiser's attempts to evade the Agreement's limitations on damages are the subject of a motion to dismiss, which was filed in October [Dkt. 49] and remains pending before Judge Koeltl.

[2] See, e.g., SierraPine v. Refiner Prods. Mfg., 275 F.R.D. 604, 609 (E.D. Cal. 2011) ("district courts across the country generally do not allow pre-judgment discovery regarding a defendant's financial condition or ability to satisfy a judgment ... on the grounds that such discovery is not relevant to the parties' claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence.") (collecting cases); Vincent v. Money Store, No. 11 Civ. 7685, 2012 WL 6622707, at *1 (S.D.N.Y. Dec. 20, 2012) (Judge Koeltl disallowing pre-judgment discovery of financial information).

Hon. Katharine H. Parker
February 3, 2023
Page 3

were grounds for financial discovery in this case, it would be grounds for such discovery in every case—where any plaintiff could try to establish that financial constraints were behind the defendant's alleged breach. The simple rule is this: either the defendant breached the contract, or it did not. Neither a defendant's financial limitations, nor its financial abundance, can inculpate or exculpate. Or to be more specific for this case, either the equipment failures at issue could have been prevented by reasonable maintenance, or they could not have been, end of story. Nowhere in any filing has US Mag asserted a purported lack of financial resources as a defense.

Kaiser has cited just one case in support of its theory of relevance. But, as the Court will find, Kaiser has badly misrepresented the holding of that case. In that regard, footnote 6 in Kaiser's February 1st letter cites *JP Morgan Ventures Energy Corp. v. Miami Wind I, LLC*, 77 Misc. 3d 1218(A), at *3–4 (Sup. Ct. N.Y. Co. 2022), with a parenthetical claiming the court found "genuine issues of material fact as to whether 'financial consideration' excused defendant's performance under the parties' contract." This parenthetical is nonsense. The Court in *JP Morgan* considered a plaintiff's motion for summary judgment to eliminate a seller's force majeure defense. In the course of making its rulings, the court actually stated that financial considerations "**do not**" constitute a force majeure event"; that "financial hardship is **not** a basis, in and of itself, for avoiding performance under a contract"; and that "an increase in the price of energy occasioned by the storm **cannot** form the basis for a frustration of purpose defense." *See id.* at *3–4 (emphasis added). The *JP Morgan* court denied plaintiff's motion for summary judgment, therefore, NOT because there were disputes of fact over "financial considerations," but rather because the plaintiff had failed to meet its summary judgment burden on whether it would have even been physically possible for the non-performing party to schedule and deliver energy pursuant to the parties' agreement. *Id.* at *5-6. This Court will find, in other words, that Kaiser has submitted absolutely no authority for the relevance of a non-performing party's financial information.

US Mag, accordingly, asks the Court to deny Kaiser's motion to compel. US Mag's financial statements, general ledgers, and trial balances are simply not relevant to this case. They have no place at trial, and no place in discovery.

Respectfully submitted,

BURBIDGE | MITCHELL

Richard D. Burbidge

cc:   All Counsel of Record via ECF