# BURBIDGE | MITCHELL

TRIAL LAWYERS
PARKSIDE TOWER
215 SOUTH STATE STREET, SUITE 920
SALT LAKE CITY, UTAH 84111-2311

CAROLYN LeDUC

TELEPHONE
(801) 355-6677
FACSIMILE NUMBER
(801) 355-2341

February 7, 2023

*VIA ECF*

Hon. Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street, Room 750
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/8/2023

Re:   *Kaiser Aluminum Warrick, LLC v. US Magnesium, LLC,* Case No. 1:22-cv-03105-JGK-KHP

Dear Judge Parker:

On behalf of Defendant US Magnesium, LLC ("US Mag"), we write pursuant to Rule II.B of the Court's Individual Practices and Local Rule 37.2 to request a pre-motion conference concerning US Mag's proposed motion for protective order regarding financial information, environmental issues, and manufacturing activities unrelated to magnesium.

As explained in US Mag's separate letter opposing Kaiser Aluminum, LLC's ("Kaiser") motion to compel, Kaiser seeks to probe financial information completely unrelated to the claims and defenses at issue in this suit. This, despite the widespread prohibition on pre-judgment discovery of a defendant's financial affairs.[1] Kaiser argues the financial information is somehow "relevant," but, tellingly, it has not proffered *a single case* to support that proposition.

Denying Kaiser's motion to compel will save US Mag from having to produce the financial statements, general ledgers, and trial balances that Kaiser has specifically requested, and will prevent this litigation from ballooning into completely irrelevant areas. But the Court should go beyond that, and allow US Mag to redact such sensitive and irrelevant information

---

[1] *See, e.g., SierraPine v. Refiner Prods. Mfg.*, 275 F.R.D. 604, 609 (E.D. Cal. 2011) ("district courts across the country generally do not allow pre-judgment discovery regarding a defendant's financial condition or ability to satisfy a judgment ... on the grounds that such discovery is not relevant to the parties' claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence.") (collecting cases); *Vincent v. Money Store*, No. 11 Civ. 7685, 2012 WL 6622707, at *1 (S.D.N.Y. Dec. 20, 2012) (Judge Koeltl disallowing pre-judgment discovery of financial information); *Pinkert v. John J. Olivieri, P.A.*, No. CIV. A. 99–380–SLR, 2001 WL 641737, at *7 (D. Del. May 24, 2001) ("The Federal Rules of Civil Procedure do not permit pre-trial discovery of a defendant's finances."); *McCurdy v. Wedgewood Capital Mgmt. Co.*, No. 97–4304, 1998 WL 964185, at *10 (E.D. Pa. Nov. 16, 1998) ("Rule 26 will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence.").

Hon. Katharine H. Parker
February 7, 2023
Page 2

from any documents that happen to include both relevant, discoverable information and irrelevant, off-limits information.

For example, US Mag delivered monthly reports to its parent company, The Renco Group ("Renco"). These management reports contain some information about US Mag's magnesium manufacturing activities and the equipment troubles that gave rise to, or followed, its declaration of force majeure in 2021. But these management reports are also packed with additional information that has absolutely no bearing on the issues in dispute. Among other things, they contain information about environmental matters, manufacturing activities unrelated to magnesium, and, predictably, information about US Mag's financial affairs. Other documents, such as engineering reports, may mention magnesium production, but they also address other aspects of US Mag's operations, completely unrelated to the production of magnesium.

As the Court has seen in other recent filings, US Mag has already established the irrelevance of US Mag's financial information in this litigation. And, Kaiser has <u>not even asked</u> for the production of, <u>nor would it be entitled to receive</u>, any information about environmental matters at the US Mag facility or manufacturing activities unrelated to the production of magnesium. Accordingly, the irrelevance of the information at issue in this motion is not really in controversy. Kaiser's only reason for opposing the redactions, therefore, is that it apparently hopes to fish through a sea of information unrelated to the facts of this case, just to see what its hook may catch.

Last week, on January 30, 2023, the parties held a telephonic meet and confer addressing, among other things, whether US Mag needed to produce its irrelevant financial statements. One of the other discovery disputes on which the parties conferred was the redaction of irrelevant material from US Mag's production. Kaiser's counsel stated that it believed redactions based exclusively on relevance were not favored in the Southern District of New York, and that it would object to any such redactions; and in response, US Mag's counsel stated that it would further investigate that legal proposition. US Mag has since conducted further legal research on the permissibility of relevance-based redactions and has learned that redactions are, in fact, permitted, with leave of the Court. *See, e.g., Strategic Growth Int'l, Inc. v. RemoteMDX, Inc.*, No. 06-CV-03915 (RWS), 2007 WL 3341522, at *2 (S.D.N.Y. Nov. 9, 2007) (allowing certain documents deemed "irrelevant" to remain redacted following *in camera* review); *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, No. 93-CV-05298 (LMM) (RLE), 1997 WL 563792, at *2 (S.D.N.Y. Sept. 10, 1997) (allowing redactions of privileged or non-responsive information following *in camera* review). This is a textbook case warranting redactions.

The parties engaged in a follow-up meet and confer on the morning of February 7, 2023, and were not able to come to resolution on this issue.

Hon. Katharine H. Parker
February 7, 2023
Page 3

    US Mag would be pleased to submit the subject documents for *in camera* review by the Court, to ensure that any redactions are not overreaching.

    In sum, US Mag seeks an order precluding discovery of its financial information and, for any document containing some information pertinent to equipment problems, allowing appropriate redactions of information concerning:

    (1) US Mag's financial condition;

    (2) Environmental matters; and

    (3) Manufacturing activities unrelated to the production of magnesium.

    US Mag respectfully submits that this motion can be efficiently addressed in connection with Kaiser's motion to compel—which is scheduled for a preliminary hearing on February 14, 2023.

Respectfully submitted,

BURBIDGE | MITCHELL

Carolyn LeDuc

cc: All Counsel of Record via ECF

**SO ORDERED:**

*Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE   2/8/2023

The Court is in receipt of the Defendant's letter, and the parties shall be prepared to discuss at the February 14, 2023 conference.

As the upcoming scheduled conference addresses the letter motions at ECF No. 60 and 68 requesting conferences, **the Clerk of the Court is respectfully requested to close the motions at ECF No. 60 and 68**.