**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

KAISER ALUMINUM WARRICK, LLC,

                                   Plaintiff,

                 -against-

U.S MAGNESIUM, LLC.,

                               Defendant.

-----------------------------------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:_____**
**DATE FILED:** 2/15/2023

**22-CV-3105 (JGK) (KHP)**

**ORDER**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

       This case arises out of an alleged breach by Defendant U.S. Magnesium LLC ("US Mag") of its contract to supply magnesium to Plaintiff Kaiser Aluminum Warrick, LLC ("Kaiser"). The contract was entered into in 2020 and the alleged breach occurred in 2021. US Mag claims it was impossible to fulfill the contract due to unanticipated equipment failures and related issues impairing its ability to fix the equipment and triggering the force majeure clause of the contract. Among other things, blades within a turbine broke and a lightning strike disabled a generator, leading to other downstream effects that ultimately caused US Mag to cease production of magnesium altogether in the Spring of 2022. Discovery is ongoing, with the close of fact discovery set for August 31, 2023.

1

Kaiser has sought extensive discovery from US Mag concerning the nature of the equipment failures and the reasons for them.  It has also sought information on the maintenance and repair of the equipment that failed, including financial information about expenditures made to maintain and repair the equipment.  The purpose of the discovery is to explore the defense of force majeure, which requires US Mag to demonstrate that the equipment failures were unforeseeable and beyond its reasonable control.  *Phillips Puerto Rico Core, Inc. v. Tradax Petroleum, Ltd.*, 782 F.2d 314, 319 (2d Cir. 1985) (explaining burden of proof and elements of force majeure defense).

In addition to the above, Kaiser requested much broader information on US Mag's finances including company-wide financial statements, the general ledger, and trial balance from 2018 to the present.  (ECF Nos. 60, 63.)  It seeks to argue that US Mag failed to invest sufficient funds in maintaining and repairing its equipment and spent money on other things such as investing in a Lithium plant in 2019 and 2020 and paying dividends to its parent company, Renco Group Inc. ("Renco").  US Mag opposes this discovery on the grounds of relevance and proportionality.  (ECF No. 65.)

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  When assessing proportionality, the court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id*.  The scope of

relevance under Rule 26 is broader than under the Federal Rules of Evidence.  Thus, parties can obtain information in discovery that is not necessarily admissible at trial.  *Id.; see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978) (noting broad scope of relevance for purposes of discovery).  The court has broad discretion to manage discovery and place limitations on its scope.  *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012).

Here, US Mag does not contend that it did not have the financial ability to pay for repairs and maintenance.  Indeed, it recognizes that financial difficulties do not typically justify invocation of force majeure.  *Bank of America Nat'l Trust & Sav. Ass'n v. Envases Venezolanos, S.A.*, 740 F. Supp. 260, 267 (S.D.N.Y. 1990), *aff'd* 923 F.2d 843 (2d Cir. 1990).  Rather, it invokes force majeure due to the unusual type of equipment failure it experienced – one its engineers had never seen before – and an unanticipated lightning strike and downstream impacts of these events.  While information about US Mag's investment in and spending on maintenance and repair of the equipment at issue is certainly relevant and discoverable, its decisions as to how to run its business, including whether to invest in a lithium plant or issue dividends is well beyond what is relevant for determining if the equipment failures were unforeseeable and beyond US Mag's control.   Even if the corporate-wide general financial information were marginally relevant, it is not proportional to the needs of the case because the information is not important to resolving the issues of liability and does not justify the investment of time in pouring through a general ledger and trial balance and questioning witnesses as to financial decisions unrelated to the maintenance and repair of the equipment at issue.  Accordingly, the

motion to compel production of corporate-wide financial statements, general ledger and trial balance is denied.

**SO ORDERED.**

DATED:      New York, New York
              February 15, 2023

KATHARINE H. PARKER
United States Magistrate Judge