```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
KAISER ALUMINUM WARRICK, LLC,                                :     OPINION AND ORDER
                                                             :     ON DISCOVERY REQUEST
                    Plaintiff,                               :
                                                             :
        -against-                                            :     22-CV-3105 (JGK) (KHP)
                                                             :
US MAGNESIUM LLC,                                            :
                                                             :
                    Defendants.                              :
                                                             :
-------------------------------------------------------------X
```

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

This case involves Defendant's failure to fulfill its supply contract to provide magnesium to Plaintiff. Defendant relies on the defense of force majeure – that it was impossible to comply with the contract due to unexpected equipment failures.

Plaintiff Kaiser Aluminum Warrick, LLC ("Kaiser") has objected to Defendant US Magnesium, LLC's ("US Mag") production of certain documents in redacted form. It requests that US Mag be required to reproduce the documents in unredacted form, arguing that redactions for relevance are disfavored when there is a protective order in place, as one is here. US Mag contends that the information redacted is irrelevant and competitively sensitive, and therefore, it should not be required to reproduce in unredacted form. The Court directed US Mag to submit samples of the redacted documents for *in camera* review. They consist of monthly reports containing detailed financial information, results of research on competitors in the market, and reports on segments of the business unrelated to magnesium operations (such

1

as information about its lithium plant and production).  They also contain information on magnesium production.

For the reasons set forth below, Kaiser's motion is denied in part and granted in part. US Mag need not reproduce the documents in fully unredacted form.  However, as discussed below, it will be required to unredact certain information relevant to magnesium production as well as column headers/row descriptors and graph titles to increase transparency as to the nature of the redactions.

## DISCUSSION

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  To the extent documents contain irrelevant information, such information falls outside of the scope of information that is discoverable under the express language of the rule.

Nevertheless, courts have disallowed relevancy redactions from otherwise responsive documents (i.e., documents containing some relevant information).  The reasons include:  1) a party should not be permitted to determine whether portions of a document being produced are irrelevant; 2) relevance redactions may eliminate context needed for an adversary to understand the unredacted portions of a document; 3) where a stipulated protective order is in place, the producing party's information is protected; and 4) redactions take time and are expensive and therefore inconsistent with Rule 1's mandate that cases be administered so as to promote a "just, speedy, and inexpensive" resolution of the case.  *See* Fed. R. Civ. P. 1; *Cyris Jewels v. Casner*, 2016 WL 2962203, at *4 (E.D.N.Y. May 20, 2016) (citing cases rejecting defendants' requests for redaction of irrelevant text within relevant documents); *see also*

*Durling v. Papa John's Int'l, Inc.*, 2018 WL 557915, at *9 (S.D.N.Y. Jan. 24, 2018) ("[R]edactions on grounds of non-responsiveness or irrelevance are generally impermissible, especially where ... a confidentiality stipulation and order ... is in place."); *John Wiley & Sons. Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) ("[R]edactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege."); *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009) (directing parties not to "redact any portion of a document on the ground that the portion is non-responsive and irrelevant" because such redactions "breed suspicions" and "may deprive the reader of context"); *In re Restasis (Cyclosporins Opthalmic Emulsion) Antitrust Litig.*, 2018 WL 3007926, at *1 (E.D.N.Y. June 4, 2018) (party should not be permitted to unilaterally decide to redact portions of a responsive document because it determines that they are competitively sensitive and not relevant).

    Although many courts do not permit relevancy redactions, this Court believes relevancy redactions can be appropriate in some cases.  To start, allowing a party to determine whether a document is relevant is standard discovery protocol.  Every party reviews its own documents for relevance and responsiveness and then produces, subject to objections.  Rule 26(g) requires attorneys to sign discovery responses certifying that they have made a reasonable inquiry for responsive and relevant documents and that they have fulfilled their production obligations subject to proper objections.  Fed. R. Civ. P. 26(g).  Rule 26(g) certifications are also representations that the producing party has acted consistent with the rules and not made objections for any improper purpose.  *Id*.  There is no reason that this Court can discern to find that a party is less able to make good faith relevance determinations as to portions of

documents than as to whole documents.  Indeed, a party's Rule 26(g) certification applies equally to the entirety of a party's discovery responses and objections.

Second, while it is true that relevance redactions take time and may be expensive, if a party wishes to undertake the expense voluntarily and it can do so in a timely manner without impacting the discovery schedule set by the Court or prejudicing the other party, then such redactions are consistent with Rule 26(b)(3) and Rule 1.  That is, Rule 1 is designed to "discourage over-use, misuse, and abuse of procedural tools that increase cost and result in delay" and instead encourage cooperation of counsel and a proportional use of discovery tools when seeking information from and producing information to an adversary.  Fed. R. Civ. P. 1 advisory committee's note to 2015 amendment.  A party's own choice to redact for relevance, when done in good faith without increasing expense on the other party or delay does not contravene this purpose.  True, redactions may "breed suspicions," *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009); but, that need not be so if a party is clear about the reason for the redactions and is conservative in the amount of redactions.  So too, over-redaction can deprive the other party of needed context.  But here again, if a party is clear about the reason for the redactions and is conservative in the number of redactions, the other party would not be stripped of necessary context.

Finally, the existence of a stipulated protective order can help allay concerns that a producing party's confidential information will not be shared outside of the litigation.  But, if a party does not want to produce irrelevant and confidential information to an adversary and redactions can avoid this result, a party should not necessarily be denied the opportunity to redact if redacting would not otherwise prejudice the other side or delay the case.

One major concern with relevancy redactions is that they can lead to motion practice, as they have here, which often creates additional expense and delay. This is a strong reason to disallow such redactions. *See* Fed. R. Civ. P. 1. Motion practice could be minimized, however, if a producing party discusses its desire to make such redactions with its adversary *in advance* of its production and *seeks advance permission from the Court* to make them.

In sum, this Court believes relevancy redactions must be evaluated on a case-by-case basis. Where such redactions are consistent with Rule 1 and Rule 26 and do not deprive the other party of context, they may be appropriate. However, a party should request permission to make such redactions in advance of a production.

In this case, US Mag did not seek permission to make relevancy redactions in advance of its production, leading to motion practice. Nonetheless, this Court already resolved discovery disputes in US Mag's favor concerning production of information about its Lithium plant and finances, holding this information to be irrelevant to the force majeure defense and not proportional to the needs of the case. Thus, it denied Kaiser's motion to compel production of this information. Disallowing redactions of this information runs contrary to this Court's prior rulings on discoverability of this information. Had US Mag sought permission before redacting, the Court would have advised it to redact in a different manner than it did.

Here, US Mag made block redactions of financial tables that included redactions of information about US Mag's magnesium production such as reports on magnesium inventory and purchases. Although US Mag says that the information redacted is produced in other documents, it was not appropriate to redact such information. Another problem with the redactions is that headings and column/row descriptions are redacted. For example, in an

"Executive Summary" table the far-left column lists subjects such as "Tons Mg Sold" and "Tons Lithium Produced."  In another table entitled "Summary Cash Flow," the left-hand column contains explanations of the rows such as "Net Profit/Loss," "Accounts Receivable," and "Purchase of PP&E".  There is no reason to redact the column/row descriptors.  It is the substantive numbers in the other columns and rows that is proprietary and confidential.  But, absent the column and row descriptors, Kaiser was unable to appreciate what was redacted and could not know that information on magnesium inventory and purchases also was redacted.  Similarly, graphs and their titles were redacted.  The title of the graphs should not have been redacted.

    Although the Court would be fully within its discretion to require US Mag to reproduce the reports in total in unredacted form subject to the protective order, because such an order would run contrary to the Court's ruling that Kaiser is not entitled to all the redacted information, it will permit US Mag to maintain certain redactions provided it can reproduce the documents **within two weeks of this order**.  US Mag shall reproduce the documents to reveal responsive information about magnesium inventory and purchases and to reveal column/row descriptors as well as graph titles.  Other redactions, including redacted bullet points under some tables and charts concern information irrelevant to this action and can remain redacted.  Further, the parties shall seek the leave of the opposing party or the Court before redacting any future documents.

## CONCLUSION

Within two weeks of this Order, US Mag shall reproduce the redacted reports removing certain redactions consistent with this Order by no later than **March 10, 2023**. No extension of this deadline will be permitted.

Dated: February 27, 2023
       New York, New York

SO ORDERED,

_Katharine H. Parker_
KATHARINE H. PARKER
United States Magistrate Judge