# BLANKROME

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

Phone:   (212) 885-5130
Fax:     (917) 332-3092
Email:   martin.krezalek@blankrome.com

July 1, 2024

**VIA ECF FILING**

The Honorable John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 14A
New York, NY 10007-1312

**APPLICATION GRANTED
SO ORDERED**

*/s/ John G. Koeltl*
John G. Koeltl, U.S.D.J.

7/2/24

Re:   *Kaiser Aluminum Warrick, LLC v. US Magnesium, LLC*, Case No. 1:22-cv-3105 (JGK)

Dear Judge Koeltl,

      We represent US Magnesium, LLC ("US Mag") in this action. We write pursuant to this Court's standing order 19-mc-00583 and Individual Practice Rule I(F) and VI(A)(2) to identify two particular exhibits that US Mag requests to be filed under seal in connection with US Mag's opposition to plaintiff Kaiser Aluminum Warrick, LLC's ("Kaiser") motion for partial summary judgment (ECF Nos. 128-131).

      US Mag is mindful of the Court's directive that "the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting *or refuting any motion for summary judgment*." (June 15, 2022, Protective Order in this matter (ECF NO. 24, ¶ 11) (emphasis added). Nevertheless, out of an abundance of caution, US Mag respectfully submits that good cause may exist to seal these documents, respectively, as each of the documents was designated "Confidential" pursuant to the Protective Order, and both documents contain data pertaining to Kaiser's revenue.

      Both documents are exhibits that were used at the deposition of Dustin Garrels, excerpts of which were submitted in support of Kaiser's Motion (ECF No. 131-12). The first exhibit (3) apparently shows Kaiser's "commodity surcharge pricing mechanism," and "the total revenue that's being accrued each month under that pricing mechanism." (Garrels Depo. Tr. 94:13-16, Krezalek Decl., Ex. 4). The second exhibit (7) was apparently "prepared to quantify how much the commodity surcharge revenue changed from . . . the actual magnesium costs that [Kaiser] experienced during 2022 as compared to what it would have been had [Kaiser] received the US

# BLANKROME

Hon. John G. Koeltl
July 1, 2024
Page 2

Mag magnesium at the contract price." (Garrels Depo. Tr. 127:14-19, Krezalek Decl., Ex. 4).

While the information contained in these exhibits is directly related to US Mag's refuting the arguments in Kaiser's motion for summary judgment, US Mag is concerned that these two documents contain Kaiser's "revenue information, pricing information, and the like" that are typically treated as confidential. *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (*quoting Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999)).

Further, Kaiser has argued in its own motion to file certain information under seal or in redacted form (ECF No. 146) that "*[s]ensitive . . . pricing information between Kaiser and its customers that, if made public, would commercially or competitively disadvantage Kaiser or its customers, or would harm Kaiser's ability to negotiate and enter into such pricing and production agreements with parties in the future.*" As Kaiser contends, documents of this nature, justify protection from the public view when used in litigation. *See, e.g., In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023), *reconsideration denied*, No. 14-MC-2542 (VSB), 2023 WL 3966703 (S.D.N.Y. June 13, 2023); *see also Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, No. 1:15-CV-00211 (LGS)(SDA), 2024 WL 964592, at *2 (S.D.N.Y. Mar. 5, 2024) (commonly sealed documents often include those containing ". . . revenue information, pricing information, and the like."); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (sealing exhibits consisting "largely of 'highly confidential sales information, including pricing information,' which is not available to the public . . .") (internal citation omitted).

Accordingly, US Mag respectfully requests that the Court permit US Mag to file Exhibits 6 and 7 to the Declaration of Martin Krezalek in opposition to Kaiser's motion for partial summary judgment under seal.

Respectfully submitted,

/s/ *Martin S. Krezalek*

Martin S. Krezalek

cc: All counsel of record (via ECF)