

**mwe.com**

Andrew B. Kratenstein
Attorney at Law
AKratenstein@mwe.com
+1 212 547 5695

July 1, 2024

**APPLICATION GRANTED
SO ORDERED**

**VIA ECF**

7/2/24    *[signature]*

John G. Koeltl, U.S.D.J.

The Honorable John G. Koeltl
United States District Court Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 14A
New York, NY 10007

Re:   *Kaiser Aluminum Warrick, LLC v. US Magnesium, LLC*, Case No. 1:22-cv-03105-JGK-KHP

Dear Judge Koeltl:

    We represent Plaintiff Kaiser Aluminum Warrick, LLC ("Kaiser") in the above-referenced action. We write pursuant to this Court's standing order 19-mc-00583 and Individual Practice Rule I(F) and VI(A)(2) to identify the exhibits that Kaiser requests to be filed under seal and the exhibits that Kaiser seeks to file with redactions in connection with Kaiser's opposition to Defendant US Magnesium, LLC's motion for partial summary judgment (ECF Nos. 133-38). We also offer the bases for sealing or redacting those documents. Kaiser has identified each document to be filed under seal (listed on Exhibits A and C to this letter motion) or with redactions (listed on Exhibit B to this letter motion) and the bases for such designations.

    Kaiser respectfully submits that good cause exists seal and redact these documents, respectively, as each of the documents or passages identified for sealing or redaction is not only designated "Confidential" pursuant to the June 15, 2022, Protective Order in this matter (ECF No. 24), but consist of "revenue information, pricing information, and the like" that courts regularly treat as confidential. *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (quoting *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999)).

    The documents and information that the parties seek to seal or redact fall within one or more of three categories of protected information, as further detailed below and in the attached Exhibits.



**McDermott
Will & Emery**

One Vanderbilt Avenue   New York NY 10017-3852   Tel +1 212 547 5400   Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

July 1, 2024
Page 2

1.   **Sensitive contractual terms and pricing information between Kaiser and its customers that, if made public, would commercially or competitively disadvantage Kaiser or its customers, or would harm Kaiser's ability to negotiate and enter into such pricing and production agreements with parties in the future.**

As to these documents, this Court has noted that "internal pricing strategies and competitive pricing data" are "sufficiently sensitive to warrant redaction." *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017). Indeed, "courts in this District have permitted the redaction of confidential information such as sales and pricing data on the grounds that its disclosure would work a competitive harm on the disclosing enterprise." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023), *reconsideration denied*, No. 14-MC-2542 (VSB), 2023 WL 3966703 (S.D.N.Y. June 13, 2023). *See also Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, No. 1:15-CV-00211 (LGS)(SDA), 2024 WL 964592, at *2 (S.D.N.Y. Mar. 5, 2024) (examples of commonly sealed documents include those containing "marketing plans, revenue information, pricing information, and the like.") (quoting *Cumberland Packing Corp.*, 184 F.R.D. at 506); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (sealing exhibits where they consisted "largely of 'highly confidential sales information, including pricing information,' which is not available to the public, and emails revealing confidential negotiations between Skyline and one of its customers") (internal citation omitted).

2.   **Highly confidential non-public financial information and analysis that, if made public, would commercially or competitively disadvantage the disclosing party.**

This Court has consistently granted requests to redact or seal documents involving sensitive financial information, the disclosure of which could cause significant harm to the relevant parties and/or place the parties at a competitive disadvantage. *See IBM Corp. v. Micro Focus (US), Inc.*, 2024 WL 343265, at *1 (S.D.N.Y. 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information."); *Graczyk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (granting party's request to redact portions of contracts that contained "sensitive financial information," the disclosure of which would cause them to "suffer a competitive disadvantage in future negotiations"); *Lous Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents reflecting the company's confidential financial information and business operations).

3.   **Confidential documents pertaining to sensitive business operations and communications that, if made public, would commercially or competitively disadvantage the disclosing party.**

Documents of this nature, which contain sensitive business operational information, are among those this Court has consistently recognized as justifying protection from the public view when used in litigation. *See Matter of Upper Brook Companies*, No. 22-MC-97 (PKC), 2023 WL 172003, at*6 (S.D.N.Y. Jan. 12, 2023) ("A presumption of access may be outweighed by a party's interest in 'protecting confidential business information' from disclosure that would subject it to 'financial harm' or a 'significant competitive advantage.'") (quoting *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's

July 1, 2024
Page 3

"interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access")); *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No. 1:21-CV-11003-LTS, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022) (granting a sealing request where "disclosure of this confidential business information would subject [movant] to a competitive disadvantage").

In short, Kaiser's proposed redactions and sealing are narrowly tailored to protect Kaiser's non-public pricing, financial, and operational information that, if made public, could cause severe harm to Kaiser in, among other things, future negotiations with its customers and other counterparties. The proposed redactions and sealing also likewise protect US Mag's similar interest, given that US Mag also designated a large number of these documents as confidential.

Accordingly, Kaiser respectfully requests that the Court permit Kaiser to file its memorandum of law in opposition to US Mag's motion for partial summary judgment and its exhibits under seal and in redacted form consistent with Exhibits A and B. We also note that the majority of the documents US Mag seeks to seal in connection with its motion actually are Kaiser-produced materials and also should be sealed for the reasons in this letter and as noted in Exhibits A and B. Finally, we cite documents produced by US Mag that US Mag designated as confidential, which are listed on Exhibit C.

We thank the Court for its time and consideration.

Respectfully submitted,

*/s/ Andrew Kratenstein*
Andrew B. Kratenstein

cc: Counsel of Record (via ECF)

DM_US 205370578-8.047397.0031