

**mwe.com**

Andrew B. Kratenstein
Attorney at Law
AKratenstein@mwe.com
+1 212 547 5695

**APPLICATION GRANTED
SO ORDERED**

_(signature)_ John G. Koeltl, U.S.D.J.

7/22/24

July 22, 2024

**VIA ECF**

The Honorable John G. Koeltl
United States District Court Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 14A
New York, NY 10007

Re:    *Kaiser Aluminum Warrick, LLC v. US Magnesium, LLC*, Case No. 1:22-cv-03105-JGK-KHP

Dear Judge Koeltl:

We represent Plaintiff Kaiser Aluminum Warrick, LLC ("Kaiser") in the above-referenced action. We write pursuant to this Court's standing order 19-mc-00583 and Individual Practice Rule I(F) and VI(A)(2) to identify the exhibits that Kaiser requests to be filed under seal in connection with the Reply Declaration of Andrew B. Kratenstein in Support of Plaintiff's Motion for Partial Summary Judgment. Kaiser has identified each document to be filed under seal (listed on Exhibit A to this letter motion) and the bases for such designations.

Kaiser respectfully submits that good cause exists to seal these documents, as each document is not only designated "Confidential" or "Highly Confidential" pursuant to the June 15, 2022, Protective Order in this matter (ECF No. 24), but they also contain "revenue information, pricing information, and the like" that courts regularly treat as confidential. *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (quoting *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999). The documents that Kaiser seeks to seal fall within one or more of three categories of protected information, as further detailed below and in the attached Exhibit A. This Court previously granted the parties' applications to seal the same or similar information in connection with earlier summary judgment filings. (ECF Nos. 158-59.)

**McDermott
Will & Emery**

One Vanderbilt Avenue   New York NY 10017-3852   Tel +1 212 547 5400   Fax +1 212 547 5444
*US practice conducted through McDermott Will & Emery LLP.*

July 22, 2024
Page 2

1.   **Sensitive contractual terms and pricing information between Kaiser and its customers that, if made public, would commercially or competitively disadvantage Kaiser or its customers, or would harm Kasier's ability to negotiate and enter into such pricing and production agreements with parties in the future.**

As to these documents, this Court has noted that "internal pricing strategies and competitive pricing data" are "sufficiently sensitive to warrant redaction." *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 (S.D.N.Y. 2017). Indeed, "courts in this District have permitted the redaction of confidential information such as sales and pricing data on the grounds that its disclosure would work a competitive harm on the disclosing enterprise." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023). *See also Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, No. 115CV00211LGSSDA, 2024 WL 964592, at *2 (S.D.N.Y. Mar. 5, 2024) (examples of commonly sealed documents include those containing "marketing plans, revenue information, pricing information, and the like.") (quoting *Cumberland Packing Corp.*, 184 F.R.D. at 506); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (sealing exhibits where they consisted "largely of 'highly confidential sales information, including pricing information,' which is not available to the public, and emails revealing confidential negotiations between Skyline and one of its customers") (internal citation omitted).

2.   **Highly confidential non-public financial information and analysis that, if made public, would commercially or competitively disadvantage the disclosing party.**

This Court has consistently granted requests to redact or seal documents involving sensitive financial information, the disclosure of which could cause significant harm to the relevant parties and/or place the parties at a competitive disadvantage. *See IBM Corp. v. Micro Focus (US), Inc.*, 2024 WL 343265, at *1 (S.D.N.Y. 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information."); *Graczyk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (granting party's request to redact portions of contracts that contained "sensitive financial information," the disclosure of which would cause them to "suffer a competitive disadvantage in future negotiations"); *Lous Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents reflecting the company's confidential financial information and business operations).

3.   **Confidential documents pertaining to sensitive business operations and communications that, if made public, would commercially or competitively disadvantage the disclosing party.**

Documents of this nature, which contain sensitive business operational information, are among those this Court has consistently recognized as justifying protection from the public view when used in litigation. *See Matter of Upper Brook Companies*, No. 22-MC-97 (PKC), 2023 WL 172003, at*6 (S.D.N.Y. Jan. 12, 2023) ("A presumption of access may be outweighed by a party's interest in 'protecting confidential business information' from disclosure that would subject it to 'financial harm' or a 'significant competitive advantage.'") (quoting *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009)); *see also Standard v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in

2

Case 1:22-cv-03105-JGK-KHP Document 163 Filed 07/22/24 Page 3 of 4

July 22, 2024
Page 3

protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No. 1:21-CV-11003-LTS, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022) (granting a sealing request where "disclosure of this confidential business information would subject [movant] to a competitive disadvantage").

*     *     *

In short, Kaiser's proposed sealing is narrowly tailored to protect Kaiser's and its customer's non-public pricing and financial information that, if made public, could cause severe harm to Kaiser and its customers in, among other things, future negotiations. Accordingly, Kaiser respectfully requests that the Court permit Kaiser to file its Reply Declaration of Andrew B. Kratenstein in Support of Plaintiff's Motion for Partial Summary Judgment and its exhibits under seal consistent with Exhibit A.

We thank the Court for its time and consideration.

Respectfully submitted,

*/s/ Andrew B. Kratenstein*
Andrew B. Kratenstein

cc: Counsel of Record (via ECF)

*Kaiser Aluminum Warrick, LLC v. US Magnesium LLC*
Case No. 1:22-cv-3105-JGK-KHP
**Documents to be Filed Under Seal**

| Document Title | Exhibit Number | Basis for Sealing |
|---|---|---|
| Excerpts from the transcript of the deposition of Michael Arena | Kratenstein Reply Decl. Ex. A | Information designated Highly Confidential by non-party Silgan Containers LLC concerning its sourcing of aluminum supplies and its commercial dealings. |
| Excerpts from the transcript of the deposition of Justin Driscoll | Kratenstein Reply Decl. Ex. B | Kaiser-Pepsi contractual terms and operational information. |
| Excerpts from the transcript of the deposition of Stephen Sharr | Kratenstein Reply Decl. Ex. C | Information designated Confidential and Highly Confidential by non-party Anheuser-Busch LLC concerning its sourcing of aluminum supplies. |
| Expert Report of Craig P. Casey | Kratenstein Reply Decl. Ex. D | Kaiser contractual terms and pricing, financial, and operational information. |