```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-----------------------------------------------------------
```
KAISER ALUMINUM WARRICK, LLC,
                    Plaintiff,          22-cv-3105 (JGK)

        - against -                     MEMORANDUM OPINION
                                        AND ORDER
US MAGNESIUM, LLC,
                    Defendant.
```
-----------------------------------------------------------

**JOHN G. KOELTL, District Judge:**

US Magnesium, LLC ("US Mag") disputes the entry of the judgment proposed by Kaiser Aluminum Warrick, LLC ("Kaiser") on two grounds.

First, US Mag seeks to reargue this Court's determination that US Mag is not entitled to a pass-through defense. However, the Court already granted summary judgment striking that pass-through defense and nothing in US Mag's present motion suggests that the Court ought to reconsider that decision. See Kaiser Aluminum Warrick, LLC v. US Magnesium, LLC, 766 F. Supp. 3d 462, 466–70 (S.D.N.Y. 2025) (concluding that New York state law precludes the pass-through defense).

Moreover, the time to move for reconsideration has passed. See S.D.N.Y. Local Civ. R. 6.3 (requiring that motions for reconsideration be brought within 14 days of the entry of the order being challenged). "As numerous cases from [courts in] this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion." McGraw-

Hill Glob. Educ. Holdings, LLC v. Mathrani, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (collecting cases).[1] Accordingly, US Mag's untimely motion for reconsideration is **denied**.

Second, US Mag argues that Kaiser is not entitled to prejudgment interest of nine percent on the parties' stipulated cover damages award of $54,983,670. See ECF No. 194 ¶ 2. Because jurisdiction in this case is premised on diversity and the right to interest is a substantive right, New York law governs the award of prejudgment interest in this case. See Adams v. Lindblad Travel, Inc., 730 F.2d 89, 93 (2d Cir. 1984). The New York prejudgment interest rate is nine percent. See N.Y. C.P.L.R. § 5004 (McKinney). New York state law "provides for mandatory prejudgment interest for breach-of-contract judgments, but does make prejudgment interest discretionary in actions of an equitable nature." New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co., 352 F.3d 599, 607 (2d Cir. 2003) (citing N.Y. C.P.L.R. 5001(a) (McKinney)).

US Mag contends that the remedy in this case is equitable in nature, in part because of an argument raised in the summary motion briefing regarding US Mag's asserted pass-through defense. However, the $54,983,670 cover damages award is plainly

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

a legal remedy for a breach of contract claim. See <u>Rhodes v. Davis</u>, 628 F. App'x 787, 792 (2d Cir. 2015) ("Interest is generally mandatory upon a sum awarded because of a breach of performance of a contract" except where the breach gives rise to an equitable remedy, such as specific performance.). Thus, imposition of the nine percent prejudgment interest rate is mandatory. In any event, if the Court were to consider the equities in determining the amount of prejudgment interest, the equities would also favor an award of nine percent interest.

    The Court is also in receipt of US Mag's August 7, 2025 letter. <u>See</u> ECF No. 254. With respect to the date of breach, Kaiser takes the reasonable position that any prejudgment interest should be calculated from the day after the Magnesium Supply Agreement expired. US Mag also argues that the Court should exercise its discretion to calculate prejudgment interest based on a cover damages award of $29,429,066—the amount of damages if US Mag had succeeded on its pass-through defense. However: (1) the nine percent prejudgment interest rate is mandatory in this case; (2) the Court already rejected US Mag's pass-through defense, and US Mag reserved the right to appeal that decision in the parties' stipulation; and (3) the Court concludes that if it were to consider the equities in determining the amount of prejudgment interest, the equities

3

would favor an award of nine percent interest based on the stipulated-to cover damages amount of $54,983,670.

Accordingly, the Court will enter Kaiser's proposed judgment. See ECF No. 236.

SO ORDERED.
Dated:   New York, New York
         August 8, 2025

_____
John G. Koeltl
United States District Judge

4